UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANNY FRANZ NIGHSWANDER,

          Petitioner,

v.

STATE OF MICHIGAN,

          Respondent.

_____/

Case No. 2:22-cv-12483

HONORABLE STEPHEN J. MURPHY, III

## OPINION AND ORDER
## SUMMARILY DISMISSING THE HABEAS PETITION [1],
## DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY,
## AND DENYING PERMISSION TO APPEAL IN FORMA PAUPERIS

Petitioner Danny Franz Nighswander, incarcerated at the G. Robert Cotton Correctional Facility in Jackson, Michigan, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. ECF 1. Petitioner challenged his sentence for one count of second-degree criminal sexual conduct and one count of third-degree criminal sexual conduct. For the reasons below, the habeas petition is summarily dismissed with prejudice.

### BACKGROUND

Petitioner pleaded guilty to the above charges in the Lenawee County Circuit Court in what appear to be two cases that were consolidated for a plea. ECF 1, PgID 1. Petitioner was sentenced to ten to fifteen years in prison on both charges. *Id.* Petitioner's conviction and sentence were affirmed. *People v. Nighswander,* No.

346332 (Mich. Ct. App. Dec. 21, 2018); 503 Mich. 1021 (2019) (denying leave to appeal).

Petitioner sought habeas relief on two grounds. First, he argued that "[t]he trial court abused its discretion when it exceeded the [sentencing] guidelines and issued a sentence that did not adequately consider the particular factors of [Petitioner's] situation." ECF 1, PgID 5. Second, he claimed that "[t]he trial court incorrectly assessed [Petitioner's] points of [Offense Variable] 8 [under the Michigan Sentencing Guidelines] when there was no proof that he asported his victims for the purpose of committing crimes." *Id.* at 7.

## DISCUSSION

I.  <u>Limitations Period</u>

To start, the petition is likely time barred by the limitations period under 28 U.S.C. § 2244(d). The Antiterrorism and Effective Death Penalty Act of 1996 amended § 2244 to include a one-year limitations period for habeas petitions brought by prisoners challenging State-court judgments. *See Vroman v. Brigano*, 346 F.3d 598, 601 (6th Cir. 2003). The one-year period under § 2244(d)(1) runs from the latest of:

> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly

2

recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

If a habeas petitioner appeals to the Michigan Supreme Court but does not petition the United States Supreme Court for a writ of certiorari, the judgment of conviction becomes final when the time for taking an appeal to the United States Supreme Court expires. § 2244(d)(1). The one-year limitations period does not begin to run until the day after the petition for a writ of certiorari was due in the United States Supreme Court. *See Jimenez v. Quarterman,* 555 U.S. 113, 119 (2009). Under Rule 13 of the Supreme Court Rules, a petition for a writ of certiorari "is timely when it is filed with the Clerk of this Court within [ninety] days after entry of judgment."

The Michigan Supreme Court denied Petitioner's application for leave to appeal the Michigan Court of Appeals' affirmance of his conviction on direct appeal on April 30, 2019. ECF 1, PgID 8. And Petitioner did not appear to seek a writ of certiorari with the United States Supreme Court. *Id.* at 1–3, 6–8. Thus, Petitioner's judgment became final, for the purpose of the one-year limitations period, on July 29, 2019. *See* § 2244(d)(1); *Jimenez*, 555 U.S. at 119. The one-year limitations period began the next day. Without equitable or statutory tolling, Petitioner had until July 29, 2020 to timely file his habeas petition.

The petition is signed and dated September 27, 2022.[1] ECF 1, PgID 14. The filing date is thus well beyond the expiration date of the limitations period applicable here. And Petitioner did not suggest that he filed any State post-conviction motions after his direct appeal that would toll the limitations period under 28 U.S.C. § 2244(d)(2). *See* ECF 1, PgID 1–3, 6–8.

The Court may "consider, sua sponte, the timeliness of a [S]tate prisoner's habeas petition." *Day v. McDonough*, 547 U.S. 198, 209 (2006) (italics omitted). Before acting on its own initiative to dismiss a State prisoner's habeas petition as untimely, a federal district court must give the parties "fair notice and an opportunity to present their positions" on the timeliness issue. *Id.* at 210.

Normally, the Court would issue Petitioner a show cause order to give him a chance to argue that either (1) the Court's calculation of the limitations issue was erroneous and the petition was, in fact, timely, or (2) the limitations period should be equitably tolled. But the Court will not do that here because Petitioner's claims, as discussed next, are non-cognizable. And because the limitations period does not constitute a jurisdictional bar to habeas review, the Court may proceed to the merits of a habeas petition in the interest of judicial economy. *See Smith v. State of Ohio Dept. of Rehab. & Corr.*, 463 F.3d 426, 429 n.2 (6th Cir. 2006) (citation omitted). Simply put, assuming without deciding that the petition was timely, Petitioner's

---

[1] Under the prison mailbox rule, this Court will assume that Petitioner filed his habeas petition on September 27, 2022, the date that it was signed and dated. ECF 1, PgID 14; *see Towns v. United States*, 190 F.3d 468, 469 (6th Cir. 1999).

claims fail on the merits. *See Ahart v. Bradshaw,* 122 F. App'x 188, 192 (6th Cir. 2005). Thus, the Court need not resolve whether the current petition was timely.

II.    Sentencing Claims

Petitioner first alleged that the trial court improperly departed above the sentencing guidelines range of fifty-one to eighty-five months in one case and thirty-six to seventy months in his second case when sentencing Petitioner to ten years on the minimum sentence. ECF 1, PgID 5. Petitioner also claimed that the judge ignored certain unspecified factors on Petitioner's behalf in imposing the sentence. *Id.* Petitioner next argued that the judge incorrectly scored Offense Variable 8, because there was no proof that Petitioner transported or removed the victims for the purpose of committing a crime. *Id.* at 7.

A habeas petition must allege facts that give rise to a cause of action under federal law or it may summarily be dismissed. *See Perez v. Hemingway,* 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001) (citation omitted). Federal courts may also dismiss any habeas petition that appears legally insufficient on its face. *Id.* (citing *McFarland v. Scott,* 512 U.S. 849, 856 (1994)). Thus, a petition is subject to summary dismissal if it appears from the face of the petition or the attached exhibits that the petitioner is not entitled to federal habeas relief. *See Carson v. Burke,* 178 F.3d 434, 436 (6th Cir. 1999) (citing Rule 4 of the *Rules Governing § 2254 Proceedings for the United States District Courts*). And the Sixth Circuit, in fact, "disapprove[s] [of] the practice of issuing a show cause order [to the respondent] until after the District Court first has made a careful examination of the petition." *Allen v. Perini,* 424 F.2d 134, 140

(6th Cir. 1970). A district court therefore must screen out any habeas corpus petition that facially lacks merit. *Id.* at 141. No State response to a habeas petition is necessary when the petition is frivolous, or lacks merit, or where the necessary facts can be determined from the petition itself. *Id.*

After reviewing the petition, the Court finds that Petitioner's sentencing claims do not entitle him to habeas relief. The petition must therefore be summarily dismissed. *See id.* at 140–41.

Petitioner's first claim that the State trial court improperly departed above the State sentencing guidelines range fails because such a departure violates no federal due process rights. *See Austin v. Jackson*, 213 F.3d 298, 301 (6th Cir. 2000). Indeed, "[P]etitioner had no federal constitutional right to be sentenced within Michigan's guideline minimum sentence recommendations." *Doyle v. Scutt,* 347 F. Supp. 2d 474, 485 (E.D. Mich. 2004). Thus, any error by the trial court in departing above Petitioner's sentencing guidelines range does not alone merit habeas relief. *Id.*

Petitioner's related claim that the trial court failed to individualize his sentence also fails to state a claim upon which habeas relief can be granted. The United States Supreme Court has refused to extend the doctrine of individualized sentencing to noncapital cases. *See Harmelin v. Michigan*, 501 U.S. 957, 995–96 (1991). In *Harmelin*, the Court held that imposition of a mandatory life sentence without parole without considering any mitigating factors, such as the defendant's work history, did not constitute cruel and unusual punishment. *Id.* at 994–95. Any argument that Petitioner's sentence was disproportionate because the trial court did

6

not give individualized consideration of mitigating evidence on his behalf fails because mitigating evidence is limited to capital cases. *See Engle v. United States,* 26 F. App'x 394, 397 (6th Cir. 2001) (Eighth Amendment does not require consideration of mitigating factors at sentencing in non-capital cases); *Hastings v. Yukins,* 194 F. Supp. 2d 659, 673 (E.D. Mich. 2002). Put simply, Petitioner had no constitutional right to an individualized sentence; no constitutional error would occur if the State trial court disregarded mitigating evidence on his behalf at sentencing.

Like Petitioner's first claim, his second claim that the State trial court incorrectly scored or calculated his sentencing guidelines range is not a cognizable claim for federal habeas review because it is a State-law claim. *See Howard v. White,* 76 F. App'x 52, 53 (6th Cir. 2003) (collecting cases). "Further, [Petitioner] has not shown that the scoring of the offense variables was so unfair as to violate his due process rights, and he has not made a factual showing that the trial court relied on inaccurate information during sentencing." *Coleman v. Curtin*, 425 F. App'x 483, 484–85 (6th Cir. 2011); *see* ECF 1, PgID 7 (highlighting the trial court's "improper interpretation of offense variable 8"). In sum, Petitioner is not entitled to habeas relief based on his bare allegation about errors in the trial court's interpretation and application of State sentencing guidelines.

## CONCLUSION

The Court will dismiss the habeas petition with prejudice because Petitioner's claims do not give rise to a cause of action under federal law. The Court will also deny a certificate of appealability because reasonable jurists would not debate that the

petition lacks merit. *See Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000); 28 U.S.C. § 2253(c)(1)–(2); Fed. R. App. P. 22(b). Last, the Court will deny leave for Petitioner to appeal in forma pauperis because an appeal cannot be taken in good faith. *See* Fed. R. App. P. 24(a).

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that the petition [1] is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that permission to appeal in forma pauperis is **DENIED**.

This is a final order that closes the case.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: October 25, 2022

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 25, 2022, by electronic and/or ordinary mail.

s/ David P. Parker
Case Manager